UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CLAYBORNE LEE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL CENTER, et al.,<br><br>Defendants. | No. 2:17-cv-0024-JAM-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it must be dismissed with leave to amend. It alleges that on May 26, 2016, while plaintiff was confined to a holding cage with five Hispanic inmates, a riot between the black inmates and the "Hispanic (Southern)" inmates broke out on the yard. ECF No. 1, § IV. *Id.* The Hispanic inmates in the holding cage allegedly assaulted plaintiff by "stamping" him out and defendant

correctional officer Meek did not open the cage even though Meeks was in front of it. *Id.* In addition, defendant Jane Doe allegedly failed to timely alert staff of the assault. *Id.* According to the complaint, the correctional officers on duty "had prior knowledge of the incident beforehand . . . ." *Id.* The complaint further alleges that defendant Warden Sperry and all correctional officers on duty with keys to the dorm that day failed to protect plaintiff from harm. *Id.* In addition to defendants Meek, Sperry, and Jane Doe, the complaint names the California Correctional Center, Shavers, Stout, inmate Gomez, inmate Barron, Smith, Madden, Hanson, Barrett, Dellacort, Hays, Javar, and Lawton as defendants. As discussed below, the complaint must be dismissed because it names improper defendants, fails to properly link defendants to a deprivation of plaintiff's federal rights, and is otherwise too vague and conclusory to state a claim upon which relief could be granted.

First, the complaint improperly names several inmates as defendants. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Private individuals and entities do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). The complaint alleges no facts demonstrating that the named inmates were acting under color of state authority.

Second, the complaint improperly names the California Correctional Center as a defendant. The California Correctional Center is not a "person" subject to a § 1983 lawsuit. Moreover, state agencies, such as CDCR and its prisons, are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth

3

Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

Third, the complaint improperly names a Doe defendant. Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. If the court ultimately orders service by the U.S. Marshal of any amended complaint, and plaintiff subsequently learns the identity of a party he wishes to serve, he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file another amended complaint to add that individual as a defendant.[1] *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).

Fourth, the complaint names numerous defendants but fails to allege how each particular defendant was personally involved in the alleged violation of plaintiff's rights. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Although the Federal Rules adopt a flexible pleading policy, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Moreover, an official, such as Warden Sperry, cannot be named as a defendant on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

/////

---

[1] If the timing of an amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.

4

Fifth, the complaint fails to plead facts sufficient to state a claim of failure to protect in violation of the Eighth Amendment. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted). A defendant is deliberately indifferent if he knows that the plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Here, the complaint's vague allegation that defendant Meek did not open the cage while other inmates "stamped" plaintiff out is not sufficient to show that Meek's inaction was a result of deliberate indifference to a risk of harm to plaintiff. Similarly, the allegation that correctional officers "had prior knowledge of the incident beforehand" is too vague and conclusory to demonstrate that any particular defendant acted with deliberate indifference to plaintiff's safety in violation of the Eighth Amendment. Moreover, there are no allegations regarding the extent of plaintiff's injuries.

For these reasons, the complaint is dismissed with leave to amend. Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

/////

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure

6

to state a claim and/or failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: January 30, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE